IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WORKMAN,<br>    Petitioner, | ) <br> ) <br> ) | Civil Action No. 13-340 Erie |
| v. | ) <br> ) | District Judge Cathy Bissoon <br> Magistrate Judge Susan Paradise Baxter |
| ATTORNEY GENERAL OF <br> THE STATE OF PENNSYLVANIA, <br>     Respondent. | ) <br> ) <br> ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

The petitioner, Robert Workman, is a state prisoner who is in custody pursuant to a judgment of sentence imposed by the Court of Common Pleas of Erie County in 1987 at Criminal Docket No. 1279 of 1987. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges that judgment of sentence. The Court may dismiss the petition prior to service if it plainly appears that Workman is not entitled to habeas relief. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts. That is the case here because the petition is second or successive and Workman has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Discussion**

In 1987, the Court of Common Pleas of Erie County sentenced Workman to a term of 22 to 44 years of incarceration at Criminal Docket No. 1279 of 1987.

1

In December of 2000, Workman filed with this Court a *pro se* petition for writ of habeas corpus in which he challenged the state judgment of sentence imposed upon him by the Court of Common Pleas at Criminal Docket No. 1279 of 1987. That petition was docketed as Workman v. Superintendent Wilson, et al., No. 3:00-cv-333 (W.D. Pa.). This Court subsequently dismissed it as untimely under the applicable statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

AEDPA also mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, 561 U.S. 320 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

In September of 2007, Workman filed with this Court another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he once again challenged the judgment of sentence imposed upon him by the Court of Common Pleas at Criminal Docket No. 1279 of 1987. That action was docketed as Workman v. Warden, SCI Greene, et al. No. 1:07-cv-146 (W.D. Pa.). This Court dismissed that petition because it was an unauthorized second or successive petition. The U.S. Court of Appeals for the Third Circuit denied Workman's subsequent request for a certificate of appealability. See Order dated June 30, 2009 in Workman v. Warden, SCI Greene *et al*., No. 09-1700 (3d Cir.).

2

In January of 2009, Workman filed with this Court yet another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged the judgment of sentence imposed upon him by the Court of Common Pleas at Criminal Docket No. 1279 of 1987. That petition was docketed as Workman v. Folino, et al. No. 1:09-cv-2 (W.D. Pa.) and this Court dismissed it because it was, like the one Workman had filed in 2007, an unauthorized second or successive petition.[1]

On or around November 18, 2013, Workman filed the instant habeas petition in which he again challenges the state judgment of sentence imposed upon him by the Court of Common Pleas at Criminal Docket No. 1279 of 1987. Because he has not received from the U.S. Court of Appeals for the Third Circuit permission to file a second or successive petition, this Court must dismiss the petition for lack of jurisdiction. See, e.g., Burton, 549 U.S. at 152-54.

### B. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here,

---

[1] In addition to the above-cited actions, on or around March 22, 1993, Workman filed with this Court a *pro se* petition for writ of habeas corpus that was docketed as Workman v. Beard, Civil Action No. 93-70 (Erie). That case was closed on December 6, 1994. The electronic docket sheet for that case does not reflect what judgment of sentence Workman was challenging in that proceeding.

3

jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Workman is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 21, 2013

cc: Cathy Bissoon
United States District Judge

Notice by first class mail to:

Robert Workman
AT-0848
SCI Mahanoy
301 Morea Road
Frackville, PA 17932